DOMINICK RUTHERFORD, Plaintiff in Error, *vs.* EBENEZER NEW-
MAN, Defendant in Error.

#### ERROR TO THE DISTRICT COURT OF WASHINGTON COUNTY.

The purchaser of lands on which there is a judgment, and also a mortgage lien, who redeems from a sale made in satisfaction of the judgment, which is the prior lien, and who afterwards obtains a Sheriff's deed for the lands so redeemed, does not thereby cut out the mortgagee, or get the lands discharged of the mortgage lien.

A redemption by the successor in interest of the judgment debtor does not have the effect of transferring to him the rights of the purchaser at the sale, subject to be defeated by other redemptioners, but terminates the sale at once and applies the proceeds thereof, as a payment *pro tanto* on the judgment,—leaving the estate in the hands of such redemptioner in the same condition in which it would have been, had the redemption been made by the judgment debtor himself.

## Points and Authorities of Plaintiff in Error.

I.—The fact of the redemption by the Plaintiff in Error, the time, manner and character in which such redemption was made being admitted as stated in the complaint, the Court erred in holding that such redemption operated to terminate the sale. Because—

*First,* The right to redeem lands from a sale on execution, is purely a statutory right, and the persons who may avail themselves of the same, and the effect of such redemption, is fixed by our statute. *Comp. Stat., secs.* 113, 114, 115, *and* 116, *p.* 573, *also p.* 646.

*Second,* There are two classes who may redeem by our statute. 1st, the judgment debtor, and all others are placed in the second class, and styled redemptioners. The successor in interest of the judgment debtor is placed in the second class, termed a redemptioner, and it is expressly provided that the last redemptioner (redeeming) is entitled to a sheriff's deed. *Ibid.*

*Third,* The only construction that can fairly be given to the language used by the law-makers places the successor in interest of the judgment debtor on a par in all respects with the

mortgagee or other judgment creditor, having a lien subsequent to the judgment under which the lands are sold, and in all the cases where a ruling similar to that of the Court below in this case has been made, it has been under statutes differing in this respect very materially from ours. See *Titus vs. Lewis*, 3 *Bar.* 711, *and cases there cited ; Rev. Stat. N. Y.*, *2d ed., vol.* 2, *p.* 293, *being title* 5, *part* 3, *chap.* 6. The Legislature, at the last session, expressly enacted by a new law, that the law shall be in future as contended for by the Respondents, thereby legislatively construing the act under which we claim in accordance with the theory here contended for. *Ses. Laws* 1862, *p.* 72 ; *Comp. Stat.,* 645, *and* 646.

Points and Authorities of Defendant in Error.

I.—The redemption by the owner of lands sold under a judgment at sheriff's sale, terminates the sale, and discharges the land from the lien acquired by the purchaser at such sale.

II.—By the redemption the Plaintiff took nothing. He did not acquire the rights of the purchaser at the sheriff's sale. He, as owner, redeemed the premises from that right, and paid the judgment *pro tanto. Minn. Comp. Stat.* 573—116 ; *Bissell vs. Payn.,* 20 *John.,* 3 ; *Pennell vs. Hinman,* 7 *Barb.,* 644; *Titus vs. Lewis, 3 Barb.,* 70.

III.—The Defendant had a right to foreclose his mortgage in any event.

Wm. M. McCluer, Counsel Plaintiff in Error.

W. H. Burt, Counsel for Defendant in Error.

*By the Court*—Emmett, C. J.—The Plaintiff below purchased lands, upon which there was both a judgment and a mortgage lien. The lands having previously been sold at sheriff's sale, to satisfy the judgment, which was the prior lien, the Plaintiff redeemed them from such sale, and after the expiration of the statutory time for redemption, obtained a deed therefor from the sheriff. The Defendant below, who was the owner of the mortgage lien, proceeded to foreclose

the same, by advertisement, under the statute, whereupon the Plaintiff commenced this action to restrain him and to quiet the title.

He claims that he is a redemptioner, within the meaning of the statute, and, as such, stands in the same relation to the property as the purchaser at the sale. That he was entitled to and has received, by the deed of the sheriff, the same title which was purchased at the sale ; being the interest of the judgment debtor discharged of the mortgage lien, and that he now holds said property discharged of the mortgage lien (the mortgagee having neglected to redeem,) just as the purchaser at the sale would have held it had there been no redemption.

The decision of this Court in the case of *Warren et al. vs. Fish,* 7 *Minn., p.* , is equally decisive of this case. We there held that the grantee, or successor in interest in the lands of a judgment debtor, could redeem the lands from a sale on execution, without paying off any liens which the party, from whom he redeemed, might have on them. That he redeemed upon the same terms as the judgment debtor, and that his redemption does not have the effect of transfering to him the rights of the purchaser, subject to be defeated by other redemptions, but that it terminates the sale, and restores the estate to him in the same condition in which it would have been had no such sale been made, with all liens prior and subsequent unimpaired, except that the money paid on the sale or redemption operates as a payment *pro tanto* of the judgment. In other words, that a redemption by the judgment debtor, or his successor in interest, destroys the effect of the sale, as such, and applies the money realized thereby as a payment upon the judgment, or other lien upon which the property was sold.

This decision, it will readily be seen, fully covers the present case. And we must therefore affirm the judgment of the Court below, overruling the demurrer to the Defendant's answer.