# CASES

## ARGUED AND DETERMINED

### IN THE

# SUPREME COURT OF MINNESOTA,

## JULY TERM, 1869.

---

HIRAM T. HORTON and wife

*vs.*

ROBERT MAFFITT and wife.

M. and B. owned, as tenants in common, real estate, which had been sold in 1865, under a decree to foreclose a mortgage, the time to redeem not having expired. M. owning 23-25ths, and B. 2-25ths. H. took an assignment of the certificate of sale, and afterwards a conveyance of B.'s 2-25ths. M., who was in possession, improved the property, and paid to H., at the end of the first year after the sale, a back tax on it, and one year's interest on the price at which the property had been sold at the foreclosure sale; at the end of the second year paid him another year's interest, and at the end of the third year paid in to the sheriff, to redeem

from the sale, the whole of such price, and one year's interest, of which money H. received from the sheriff 23–25ths. *Held:* That before the time to redeem expired, the estate of the purchaser was that of a mortgagee before foreclosure, an equitable estate or interest; that the redemption annulled the sale, and defeated the purchaser's estate; that H. having acquired the purchaser's estate before he became a co-tenant in the property, had the right to hold and enforce it for his own benefit; that there was no merger of the two estates held by H. after the conveyance to him of the 2–25ths.

H. had the right as assignee of the purchaser to receive from M., being in possession, the back tax and the first two year's interest, and thereby waived no other right dependent on his ownership of the 2–25ths than that respecting the possession. 23–25ths of the amount necessary to redeem was what H. had a right to require of M. to pay, and what he had a right to receive from the sheriff. M. need have paid the sheriff no more than that sum to redeem.

The sheriff, in receiving money paid for redemption, acts as the officer of the law and not as the agent of the party. H. is entitled to partition; a judgment for the sale of the property, giving M. leave to remove his building, and for the division of the proceeds according to the respective interests of the parties is proper.

This action was commenced in the District Court for Olmsted county, and was tried by the Court without a jury, who found for the plaintiffs. The defendants made a motion for a new trial, which was denied, and they appeal from the order denying the same to this Court.

Jones & Butler for Appellants.

Stearns & Start for Respondents.

*By the Court.*—Gilfillan, Ch. J.—This is an action for partition. The Court found that plaintiff Horton owns an undivided 2–25, and defendant Maffett an undivided 23–25 of the premises; that defendant has paid all the taxes on such

premises since they were owned by the parties, amounting to $108, and built a dwelling house thereon; and directs judgment that the land, without the building, be sold, and the proceeds, after paying costs of sale and the disbursements in the action, be divided between the parties in accordance with their respective interests, and that defendant have sixty days after the sale, to remove his building.

We see no reason to reverse or modify the action of the Court below on the ground that it directs a sale of the property, instead of setting it off to the defendant, upon paying plaintiff the value of his interest.

The plaintiff in his complaint claimed that he owned 31–75, and defendant 44–75 of the premises, but on the trial abandoned all claim except to 2–25. The land originally belonged to Daniels, Hurd and Taylor; and such conveyances were made, that on the 13th May, 1865, it belonged 23–25 to Hurd, and 2–25 to one Bissell; on the 16th May, 1865, Hurd conveyed his interest to defendant, and on the 26th February, 1866, Bissell conveyed his interest to plaintiff. On the trial defendant offered to prove certain matters alleged in his answer, substantially these:

That while they owned the premises, Daniels, Hurd and Taylor executed a mortgage on them, which mortgage was foreclosed by action, and the premises sold under the decree, May 13th, 1865, to one Lowry for $140, to whom a proper certificate of sale was executed and recorded; that on December 4th, 1865, Lowry assigned this certificate to plaintiff; that on the 11th May, 1866, defendant (who appears to have been in possession) paid to plaintiff a back tax, and one year's interest on the $140, and on the 11th May, 1867, paid him another year's interest, and on the 8th May, 1868, paid in to the sheriff of the county, for the purpose of redeeming the premises from the sale, $140, and one year's

interest, and that plaintiff received from the sheriff 23–25 of the money so paid, leaving 2–25 in his hands. This evidence was objected to by plaintiff, and excluded by the Court.

Upon this ruling the error alleged arises. The question is, admitting all those matters to be facts, would they affect plaintiff's right to a partition as directed by the Court?

We will consider the case as though those facts were proved. At the time plaintiff purchased the certificate of sale, the title stood thus: Defendant held 23–25, and Bissell 2–25 of the legal title, subject to the estate of the purchaser at the mortgage sale. As the foreclosure was not complete, by reason of the time to redeem not having expired—[*Daniels vs. Smith*, 4 *Minn.*, 172 ; *Donnelly vs. Simonton*, 7 *Minn.*, 167 ; *Laws of* 1862, *page* 73, *sec.* 4]—the estate of the purchaser was that of a mortgagee before foreclosure, an equitable estate or interest. Either of the cotenants might redeem the whole estate from the sale, and upon so doing, or upon taking an assignment of the certificate, would be held to do so for the benefit of the whole estate, and he would be entitled to reimbursement from his co-tenant, of the amount properly chargeable to the share of such co-tenant. After acquiring the interest of the purchaser, plaintiff took a conveyance of Bissell's 2–25. Having acquired the purchaser's interest when the relation of a co-tenant did not exist between him and defendant, his right was fixed to hold and enforce it for his own benefit, and that right (unless by merger) was not impaired by his subsequently acquiring the title of Bissell to the 2–25.

Defendant argues that upon acquiring Bissell's title, there was a merger to the extent of 2–25 of the equitable in the legal estate ; that the Bissell title was the equitable title to the 2–25, and that it was extinguished by the merger, and

that he, defendant, acquired the purchaser's title by the redemption.

His redemption, redeeming as owner, annulled the sale so that no title could pass to him by means of it. *Gen. Stat.*, *p.* 564, *sec.* 14, *Daniels vs. Smith*, *above cited ; Warren vs. Fish*, 7 *Minn.*, 432 ; *Rutherford vs. Newman*, 8 *Minn.*, 47. The purchaser's estate or interest was thereby defeated.

If there were a merger, it was the purchaser's estate to the extent of 2–25, which was merged and extinguished in the legal estate conveyed to plaintiff by Bissell, and by such merger the title of the parties would not be materially affected. After it, defendant could redeem by paying 23–25 of the purchase money ; and without it, so long as plaintiff was the holder, both of the purchaser's interest, and of the 2–25, and so liable to contribution, defendant could redeem with the same amount. The extinction of 2–25 of the purchaser's estate or interest would, as will presently appear, impair plaintiff's rights as holder of that estate, respecting the possession during the time to redeem.

In equity, when the legal and equitable estate meet in the same person, they do not merge if it be his intention to maintain them separate ; and such intention is presumed when it is clearly his interest that they should be kept apart. A person is ordinarily presumed to intend that which is manifestly for his interest. When we come to certain facts which defendant claims would have rebutted the presumption that plaintiff intended to keep the estates separate, it will appear that such was manifestly his interest.

The acts of plaintiff, which defendant relies on to show plaintiff's intention that the estates should merge, and which it is insisted estop him from claiming any title in the premises, are, that defendant was permitted till after the

time to redeem expired to occupy and improve the property without objection from plaintiff; that during the time to redeem, plaintiff received from defendant a back tax on the premises, and the interest on the purchase money for the first two years after the mortgage sale, and that he received from the sheriff 23–25 of the money paid by defendant to redeem the premises from the sale.

The circumstances under which the defendant improved the property, whether with or without the knowledge of plaintiff, were not proved, nor offered to be proved. How such improving by defendant, who knew his rights, and that the utmost he could then claim of the property was 23–25, subject to the mortgage sale, and his liability to his co-tenant to furnish that proportion of the money to redeem, could under any circumstances give him title, or divest plaintiff's title to the 2–25, it is impossible to see; nor can we see how it throws any light on plaintiff's intention with respect to a merger, when he bought the Bissell interest.

The receiving by plaintiff of the back tax, and of the first two years interest on the purchase money, not only were not inconsistent with an intention to keep the two estates separate, but his right, as assignee of the purchaser, to receive the tax and interest, or be let into possession, made it clearly his interest that the entire estate and interest which he acquired from the purchaser should be kept distinct.

Defendant was in possession, and to retain such possession during the three years for redemption, was required to pay to the purchaser or his assignee, the tax and the interest. He made the payments to keep the possession, and to prevent plaintiff as assignee of the purchaser taking possession.

Keeping plaintiff's two estates separate, gave him two rights with respect to the possession: First, the right de-

pendent on his character as co-tenant, to-wit, to be let into joint possession, or to hold the defendant to account for the possession of the 2–25; Second, that dependent on his character as assignee of the purchaser, to-wit, to be let into the exclusive possession after the first year, unless defendant paid the taxes, and paid him the interest annually.

It is clear that he could not exercise both of these rights. Having elected which he would exercise, he was bound to rely upon that, during the three years.

The effect however of his electing to receive, and of his receiving as assignee of the purchaser, the tax and the interest, could not extend beyond that for which they were paid, to-wit, the possession of the property during the time for redemption. His receiving them was evidence (such as would estop him) of his intention to rest upon his purchaser's title with respect to the possession during the three years, if defendant insisted upon holding the possession, but no evidence of an intention to waive or abandon any other right dependent on his Bissell title.

The 23–25 of the money which defendant paid to the sheriff for the purpose of redeeming, was what plaintiff had a right to receive, and to require defendant to pay, whether his purchaser's title to the extent of 2–25 was merged in the title he derived from Bissell or not. If it were merged, it would operate as a redemption to that extent by him, and defendant could not claim the benefit of redemption without paying the balance. If it were not merged, then there was a duty on the part of each co-tenant to contribute towards the redemption in proportion to the quantity of his interest, the defendant's being 23–25.

Defendant paid the sheriff more than he need have paid. As between plaintiff and defendant, all that defendant could be required to pay, to clear off the incumbrance was 23–25,

Horton and wife v. Maffitt and wife.

and as plaintiff was the party to receive what he paid, that is all he need have paid the sheriff. Under such circumstances it would be useless circuity to require of a party to pay the whole, and then receive part of it back again.

Defendant might have redeemed by paying, or tendering payment to the plaintiff; and surely had he paid or tendered plaintiff all which as between them as co-tenants plaintiff was entitled to require of him, it would have been a good redemption. And the same amount paid to the sheriff, for plaintiff, would have had the same effect.

Defendant claims that plaintiff has received the whole of the redemption money, because the whole was received by the sheriff, who, as defendant argues, was by law plaintiff's agent. This is not so. The sheriff is in no sense the agent of the party. He acts in his official capacity, as the officer of the law with whom a party redeeming may deposit the money, instead of paying it to the party entitled to it.

If the sheriff receives too much or too little, or from one not entitled to redeem, that cannot prejudice the party holding the certificate of sale. It is the business of the party redeeming to see that he deposits with the sheriff the proper amount, and if the amount be not correct, he must bear the consequences. There was no error in excluding the testimony.

The order denying the motion for a new trial is affirmed.