## *GEORGE DAVIS, Sheriff, &c.

### *vs.*

## GEORGE M. SEYMOUR.

A sheriff, in receiving money paid for redemption of real estate, acts as the officer of the law, and not as the agent of the party from whom the redemption is made, and in tendering it to such party, he does nothing more than his official duty. A refusal to receive such tender does not affect the fund, nor change the relation of the sheriff as the official depositary of the money; it remains in his hands as its official custodian until the rights of the parties are fully determined, and it is paid by him to the party entitled to receive it; and while thus in his hands, it is not subject to levy.

The above parties to a matter in dispute, submitted the same to the district court for Washington county pursuant to *section 7 of chapter 82 of General Statutes.* The agreed case is as follows: "It is hereby agreed by and between the parties above named, that the following is a statement of the facts in the controversy between said parties, and that the question as to whether or not said defendant George M. Seymour shall pay over to the plaintiff, as sheriff, the moneys in his hands as hereinafter stated to satisfy said execution, shall be determined by the court without action at the general term thereof to be held in Dakota county June 15, 1869.

*Justice Berry, owing to sickness in his family, was absent at the argument of this cause, and therefore took no part in its consideration or determination.

That heretofore and on the 7th day of February, 1867, this defendant was, and for a long time thereafter, and until the 1st day of January, 1868, continued to be the sheriff of Washington county, duly elected, qualified and acting ; that on said day Christopher Carli paid over to this defendant the sum of $577.69 for redemption of certain lands and real estate theretofore owned by said Christopher Carli, and before then sold on execution issued out of this court, upon a judgment duly entered and docketed against said Carli, which said real estate was then in possession of one Ellen Downie, who was then and there entitled to receive said money paid on redemption by said Carli, who was then and there entitled to redeem the same ; that thereafter and on or about the 7th day of February aforesaid, this defendant tendered the money so paid to him, as sheriff as aforesaid, for said redemption to the said Ellen Downie, who then and there refused to accept the same, for the alleged reason that said Carli had no right to redeem the said real estate.

That afterwards an action was duly commenced in this court by the said Christopher Carli, and against said Ellen Downie, to recover possession of the said premises so redeemed by said Carli, and damages for withholding the same.

That afterwards and on the 8th day of July, 1868, judgment was duly entered and docketed in said action in favor of said Christopher Carli against said Ellen Downie for the possession of said real estate, and for damages for withholding the same in the sum of $436.28, and the judgment roll therein filed.

That on the 3d day of August, 1868, an execution was duly issued out of said court on the judgment aforesaid, and delivered to George Davis, sheriff of said county, this plaintiff, in and by which he, the said sheriff, was com-

manded, among other things, to satisfy the said sum of $437 63, the amount of said judgment, and costs for execution, with interest from the date of said judgment, out of the personal property of said judgment debtor within his county, &c.

That thereafter, and on the day aforesaid, said plaintiff did, in the manner prescribed by law, levy upon the said money above mentioned, so then remaining in the hands of this defendant, as sheriff aforesaid, by virtue of said execution, as the property of said Ellen Downie, and demanded the payment and delivery to him of said money, or so much thereof as should be necessary to satisfy said execution, which this defendant did, and still does refuse to do, on the ground that the same is not subject to levy.

Wherefore the parties above named do submit the facts above written to the court, without action, and ask the judgment of the court in the premises, that if the money is subject to levy judgment be rendered for plaintiff for the amount of said execution, and if not subject to levy, judgment for costs be given in favor of the defendant."

The court below rendered judgment for the defendant. The plaintiff appealed from such judgment to this court.

WM. McCLUER for Appellant.

L. R. CORNMAN for Respondent.

*By the Court*—McMILLAN, J.—The statement in the case "that at the time of the payment of the money by Carli to Seymour, Carli was entitled to redeem, and Ellen Downie to receive the redemption," must be taken in connection with the further statement, that she refused to receive it on the ground that Carli had not the right to redeem, and must be construed to mean, that at the time of

the payment, Carli's right to redeem the premises had not been adjudicated, and was subject to be disputed and was disputed by Ellen Downie from whom the property was to be redeemed, and that the tender was refused by her on that ground, in good faith.

The defendant Seymour, in receiving the money paid by Carli for the redemption of the land, acted in his official capacity, as the officer of the law with whom a party redeeming may deposit the money, instead of paying it to the party entitled to it, but he was not the agent of Ellen Downie in doing so. *Horton and wife vs. Maffit and wife*, 14 *Minn.* 296.

If the sheriff in receiving the redemption money is to be regarded as the agent of the person for whom it is paid, the latter would in all cases be concluded from disputing the regularity or validity of a redemption, for having received the money by his agent, the sheriff, he would be estopped to deny the regularity of the redemption. Such a proposition is sufficiently refuted by its statement.

The tender of the money by the sheriff to Ellen Downie immediately after he received it was nothing more than his official duty, and denying as she did in good faith the right of Carli to redeem, it was her privilege to obtain an adjudication of the question by the courts, before receiving the money. In order to do this, her refusal of the money tendered was both proper and necessary. Her refusal to receive the tender did not affect the fund, nor change the relation of the sheriff as the official depositary of the money; so long as the payment was not withdrawn by Carli the redemptioner, and Ellen Downie refused to accept it, contesting his right to redeem, the money remained in the hands of the sheriff as its official custodian until the rights of the parties were finally determined and the money paid by the sheriff

Davis v. Seymour.

to the party entitled to it; the money therefore at the time of the levy had not passed from the custody of the law, and it is unnecessary to cite authorities to sustain the position that money or property in the custody of the law is not subject to levy.

We need not consider the other question, as to whether there was a levy made.

Judgment affirmed.