NELSON A. GESNER

*vs.*

LEWIS BURDELL.

A. and B. being owners as tenants.in common of certain premises, A. sold and conveyed his moiety to B. by warranty deed. Said deed was mislaid and lost before it had been recorded. B., thereafter, being indebted to C. on promissory note, A. and B., for the purpose of securing said note (the title to said premises appearing, upon the records, by reason of the loss of said deed, to be in them jointly as aforesaid), jointly executed and delivered to C. a mortgage on said premises, to secure the payment of said note according to its terms, with power of sale in case of default, which was duly recorded. Default being made, said mortgage was foreclosed by sale on advertisement on the fifth of March, 1871, and said premises struck off to C., and a certificate of sale issued to him in due form, which was duly recorded. Before the expiration of the year of redemption, viz. : February 25, 1871, A. executed and delivered to D. a quit-claim deed, in and by which he quit-claimed and conveyed to D., who had actual knowledge of the foregoing facts, all his right, title and interest in and to said premises, which was duly recorded. *Held,* that D. had no right by virtue of said quit-claim deed, to redeem from said foreclosure sale, and that by paying the amount due thereon to the sheriff, and receiving a certificate of redemption, he could not affect said sale, or the right of C. thereunder to the ownership of the premises at the expiration of said year of redemption, without redemption made by B., or those claiming under him.

The defendant appeals from an order of the district court, for Wabasha county, overruling his demurrer to the complaint. The material allegations of the complaint, are substantially as follows: that on March 29th, 1866, John R. and

David D. Field were seized in fee simple, as tenants in common, of certain real estate in Wabasha county, Minnesota, and in possession ; that on the same day and year, John R. Field for a valuable consideration executed and delivered to David D. Field his full covenant warranty deed, conveying to said David D. Field his undivided one half of said premises ; that with the delivery of said deed said John R. Field surrendered up, and said David D. Field took full and absolute possession of said premises, and that he and his personal representatives have since said time until the commencement of this action, continued in the sole and exclusive possession of the same ; that said deed was lost and never recorded ; that on January 11th, 1869, said David D. Field and John R. Field (the title to said premises appearing of record to be in them jointly by reason of the loss of said deed) executed and delivered to the plaintiff a mortgage conveying said premises to the plaintiff, to secure the promissory note of said David D. Field to plaintiff, which mortgage contained the usual power of sale ; that default was made in the condition of said mortgage ; that the same was foreclosed, and said premises sold and conveyed by the sheriff of said county on March 5th, 1870, to the plaintiff, by a certificate of sale duly executed and recorded as required by law ; that the time of redemption has expired, and no redemption made or attempted to be made, except as hereinafter stated ; that on February 25th, 1871, said John R. Field executed and delivered to defendant his quit-claim deed of said real estate, although he had at that time no interest in the same ; that on February 28th, 1871, the defendant claiming the right to redeem from said sale, as assignee of said John R. Field, paid to the sheriff the amount bid on said sale with interest and fees of sheriff, and that said sheriff then executed and delivered to defendant a pretended certificate of redemption ; that said quit-claim deed and sheriff's certificate

of redemption are on record in the register's office of said county, and constitute and are a cloud upon the title of the plaintiff; that defendant when he received the quit-claim deed from John R. Field had full knowledge of the previous conveyance to David D. Field.

There are allegations in the complaint in regard to the pendency of a suit in relation to a lost mortgage claimed to have been executed by David D. Field to John R. Field upon one half of the said premises at the time of the sale and deed by said John R. to said David D. to secure the purchase money, which in the view of the matter taken by the court it is unnecessary to state. The relief demanded was the cancelling of the quit-claim deed, from said John R. Field to defendant, and the sheriff's certificate of redemption, as a cloud upon plaintiff's title.

Brown & Stocker, for Appellants, cited the following authorities: *Donnelly vs. Simonton et al.,* 7 *Minn.* 167 ; *Daniels et al. vs. Smith,* 4 *Minn.* 172; *Briggs vs. Seymour,* 17 *Wis.* 255; *Washb. on Real Prop.* (3d *Ed.*) *vol.* 2, *pp.* 163, 164 ; *Hill. on Mort.* (3d *Ed.*) *vol.* 1, *p.* 396 ; 2 *Story's Eq.,* § 1023 ; *Averill et al. vs. Taylor et al.,* 8 *N. Y.* 53 ; *Bradley vs. Snider,* 14 *Ill.* 263 ; *Washb. on Real Prop.* (3d *Ed.*) *vol.* 3, *p.* 110, *sec.* 51 ; *Work vs. Willard,* 13 *N. H.* 389 ; *Jackson vs. Ireland,* 3 *Wend.* 99 ; *Jackson vs. Barkhurst,* 9 *Wend.* 209 ; *Rogers vs. Cross,* 3 *Chand.* 34 ; *Gabutt vs. Smith,* 40 *Barb.* 22 ; *Tilton vs. Nelson,* 27 *Barb.* 595 ; *Washb. on Real Prop.* (3d *Ed.*) *vol.* 1, *p.* 202, *sec.* 27 ; *Bell vs. Mayor,* 10 *Paige,* 49 ; *Karnes vs. Lloyd,* 52 *Ill.* 113 ; 2 *Smith's Lea. Ca.* (6 *Ed.*) 773, *and cases cited ; Torry vs. Bank of Orleans,* 9 *Paige,* 657 ; *Sherwood vs. Vandanburgh,* 2 *Hill.* 303 ; *Stimpson vs. Thomastown Bank,* 28 *Maine,* 259 ; *Hill vs. Robertson,* 1 *Strobhart* (*S. C.*) 1 ; *Russell vs. Wickham,* 36 *Barb.* 386 ; *Demeyer vs. Legg,* 18 *Barb.* 14 ; *Carver vs. Jackson,* 4 *Peters* 1, 80–86 ;

*Watkins vs. Holcombe,* 16 *Peters,* 54 ; *Osborn vs. Tunis,* 1 *Dutcher,* 633 ; *Barber vs. Harris,* 15 *Wend.* 615 ; *Gallaway vs. Finley,* 12 *Peters,* 294 ; *Dunn vs. Cornell,* 3 *John. Cases,* 174 *and notes;* *Jackson vs. Ireland,* 3 *Wend.* 99 ; *Ward vs. McIntosh,* 12 *O. S. R.,* 231 ; *May vs. Fillman,* 1 *Michigan R.,* 262 ; *Gayle vs. Price,* 5 *Richardson,* (*S. C.*) 525 ; *Hitchcock vs. Harrington,* 6 *John.* 290 ; *Hitchcock vs. Carpenter,* 9 *John.* 344 ; *Collins vs. Torry,* 7 *John.* 278 ; *Nason vs. Allen,* 6 *Greenleaf,* 243 ; *Thompson vs. Thomaston Bank,* 28 *Greenleaf,* 243 ; *Hill vs. Robertson,* 1 *Stoubhardt* (*S. C.*) *R.* 1 ; *Wedge vs. Moore,* 6 *Cushing, R.* 8 ; *Green vs. Munson,* 9 *Vermont,* 37 ; *Anderson vs. Crow,* 5 *Dana,* 271–282 ; *Reed vs. Shepley,* 6 *Vermont,* 602 ; *Wires vs. Nelson,* 26 *Vermont,* 13 ; *Clark vs. McClure,* 10 *Grattan,* 305 ; *Jackson vs. Hotchkiss,* 6 *Cowan,* 401 ; *Kimball vs. Kimball,* 2 *Greenleaf,* 2 *Ed.* 226 *and note* ; *Doe vs. Clifton,* 4 *Ad. and El.* 809 ; *Doe vs. Dickers,* 4 *Ad. and El.* 782 ; *See also Osterhout vs. Shumake,* 3 *Hill.* 513 ; *Bleyhtslasces vs. Richards,* 7 *Wheaton,* 547 ; *Russell vs. Dudley,* 3 *Metcalf,* 147.

C. N. Sterry, and Scott & Hahn, for Respondent, cited the following authorities : *Sparrow vs. Kingman,* 1 *Comstock,* 242 ; *Osterhout vs. Shoemaker,* 3 *Hill.* 513 ; *Aaverill vs. Wilson,* 4 *Barb.* 180 ; *Gardner vs. Green,* 5 *Rhode Island,* 104 ; *Small vs. Proctor,* 15 *Mass.* 499 ; *Gaunt vs Wainman,* 3 *Bingham, N. C.* 69 ; *Ham vs. Ham,* 14 *Maine,* 351 ; *Partridge vs. Patten,* 33 *Maine,* 483 ; *Pike vs. Galoin,* 29 *Maine,* 183 ; *Foster vs. Dwinel,* 49 *Maine,* 44 ; *Washburn on Real Property* (1st *Ed.*), *vol.* 1, *p.* 467, 555, *and* 6, *sec.* 21 ; *Rawle on Covenants for Title* (3d *Ed.*), 463, *and cases there cited* ; *Smith Leading Cases,* 6th *Am. Ed., vol.* 2, 721–2 *and* 3, 775, 776 ; *Finn vs. Sleight,* 8 *Barb.* 401 ; *Conkly vs. Perry,* 3 *Ohio N. S.* 344 ; *Owen vs. Robins,* 19 *Ill.* 545 ; *Bright's Lessee vs. Rochester,* 7 *Wheaton,* 535 ; *Chautauque Co. Bk. vs. Risley,* 4 *Denio,* 480 ; *Dean vs. Crowell,* 3 *Johnson's Cases,*

174; *Funk vs. Newcomm,* 11 *Maryland,* 300 ; *Wilder vs. City St. Paul,* 12 *Minn.* 201; *Combs vs. Cooper,* 5 *Minn.* 254; *Dezell vs. Odell,* 3 *Hill.* 215; *Shapley vs. Abbott,* 42 *N. Y.* 443; *Califf vs. Hillhouse,* 3 *Minn.* 311; *Copeland vs. Copeland,* 28 *Maine,* 525; *Able vs. Fitch,* 20 *Conn.* 90 ; *Martin vs. Angell,* 7 *Barb.* 407 ; *Pearl vs. Oliphant,* 2 *Harris,* 342; *Parker vs. Brown,* 15 *N. H.* 176 ; *Sainbury vs. Depew,* 28 *Barb.* 44 ; 1 *Hill. on Mort.* (*3d Ed*) 395 *et seq.* ; *Hill vs. Edwards,* 11 *Minn.* 22 ; *Johnson vs. Lewis,* 13 *Minn.* 364.

*By the Court.*—RIPLEY, CH. J.—It appears by the complaint that the defendant knew when he took from John R. Field, the quit-claim of all said Field's interest in the premises, that said Field had previously conveyed his undivided half thereof to his brother. So far as the defendant is concerned, therefore, the case stands as it would stand if John R. Field's said deed to his brother had been duly recorded at the time of the execution and delivery of said quit-claim deed.

If the brothers had joined in the mortgage to the plaintiff while John R. was still the owner of his said moiety of the land, and said John R. had then conveyed the said moiety to his brother by deed duly recorded, the defendant would not have claimed the right to redeem under the quit-claim deed.

The statute gives the right to redeem to the mortgagor, his heirs, executors, administrators, or assigns, whose real property is sold in conformity to its provisions. *Gen. Stat.* ch. 81 *sec.* 13.

The assigns of the mortgagor are those to whom the property, or the interest of the mortgagor therein, is transferred; therefore, in the case supposed, David D. Field would be the assign of John R. Field, and entitled to redeem; and the defendant would not be, for this quit-claim deed purports to convey only the interest in the land which John R. Field had

at the time of the execution and delivery thereof, which would be nothing.

It would be of no consequence whether or not John R. Field, the mortgagor, would, as against the plaintiff, have the right to redeem notwithstanding the conveyance by him to David D. The defendant would have no interest in that question, not being an assign of John R. Field.

The case at bar differs from the case supposed in this, viz.: that whereas in the case supposed, John R. Field would have had something to mortgage, and the plaintiff would have acquired by a mortgage from him a lien on the one-half of the land; in the case at bar, John R. Field had nothing to mortgage, and the plaintiff acquired no lien on the land, or any moiety thereof, by virtue of said John R. Field's joining in the mortgage. The land was David D. Field's and although the deed from John. R. to him was not recorded, his title was good against John R. and all the world, but a subsequent *bona fide* purchaser from him without notice, or his creditors, if any.

There is, however, no such purchaser or creditor in this case, and if in the case supposed, the defendant would not under such a quit-claim as this have been the assign of John R. Field, *a fortiori* he is not in the case at bar, said Field having nothing in the land at the time he joined with his brother in the mortgage thereof to the plaintiff. He is not the assign of John R. Field. He is not the person to whom the land, or the interest therein of the mortgagor, has been transferred; for this deed from John R. Field to the defendant, could transfer only what John R. had in the land, and he had nothing. The fact that the said Field executed and delivered a mortgage upon land he did not own, did not make him an owner thereof. David D. Field remained as before the sole owner. That defendant acquired nothing by the quit-claim, would be

Gesner v. Burdell.

equally true whether he did or did not know that John R. had already conveyed the land to his brother. *Marshall vs. Roberts, ante,* 405. But, as already observed, the defendant stands just as he would have stood if the deed to David D. had been duly recorded, in which event any claim of defendant to be considered the assign of John R., would have been seen on the face of the public records to be altogether untenable.

These reflections dispose of the case, for if the defendant is not the assign of John R. Field, he is a stranger to this foreclosure. It makes no difference that the sheriff took his money and issued his certificate of redemption. The sheriff is the officer of the law, not the agent of the party from whom the redemption is attempted to be made, and plaintiff is not precluded by such acts of the sheriff from disputing their validity. *Davis vs. Seymour,* 16 *Minn.* 210.

The complaint states that defendant claimed to redeem as the assignee of John R. Field, one of said mortgagors. Upon the record such claim would appear to be well founded, the title to said moiety being upon the record at the time of the deed to defendant in John R. subject to said mortgage. The sheriff might, therefore, have acted in entire good faith. Such claim, however, being according to the complaint not only groundless, but known to the defendant to be groundless, he would certainly, if such were the fact, have no equitable claim to retain a certificate, which could only have been obtained by a concealment of the truth.

The law of estoppel has no application to the present case. Conceding, for the sake of the argument, that the law is that a purchaser in fee, or a mortgagee holding under a conveyance, and having no other source of title, cannot in a suit with the grantor, or those claiming under him, be heard to deny that his grantor had the estate that he assumed to convey, there is, nevertheless, no ground here for saying that plaintiff

holds by virtue of a mortgage from John. R. Field, and that he has no other source of title. John R. Field's execution and delivery of the mortgage could give the plaintiff no lien on land that did not belong to John' R. Field. David D. Field, to whom the land belonged is plaintiff's sole source of title. If the question here were between John R. and plaintiff, the language of the court of appeals of New York would apply, viz.: "No proposition can be more undoubted, than that the grantee in a deed-poll is never estopped by the terms of the grant, for it is not his deed, not having sealed and executed it ; and it seems a sheer absurdity to say that he is concluded by acceptance of a conveyance, by which no estate actually passed to him, for the reason that the grantor had none to convey." *Sparrow vs. Kingman*, 1 *Com.* 252.

If for want of record evidence of the conveyance to David D. it might at some time be in John R.'s power to practice a fraud on his brother, or those claiming under him, by subsequent sale and conveyance of said moiety to a third person, the placing upon record of this mortgage would, nevertheless, secure the plaintiff in any such contingency from loss. But to be thus secure in consequence of a certain state of the records, is not an estate or interest in land ; therefore, it is not perceived upon what principle, as against John R. Field, the plaintiff would be estopped by acceptance of this mortgage from showing that his title was wholly from David D. Field.

There seems to be no ground whatever for a claim on defendant's part that the acceptance and recording by plaintiff of this mortgage, should estop him from showing that the quit-claim passed no interest in the land to defendant. There is a very simple reason why plaintiff is not so estopped. Such action on plaintiff's part could in no event operate against him in the nature of an estoppel in defendant's favor, " unless in

Gesner v. Burdell.

good conscience, and in honest dealing, and in justice to defendant," the plaintiff ought not be permitted to deny that John R. Field had at the time of the delivery of said mortgage the estate which by the record he appeared to have.

The doctrine of estoppel in fact is called into life for the purpose of preventing fraud, and redressing injury, and it is never carried further than is necessary to prevent one party from being injured by his reliance on the acts or declarations of another, and, therefore, no declarations or acts give rise to an estoppel, unless they have been relied on, and acted on, and unless their denial would prejudice the party in whose favor the estoppel is introduced.   *Wilder vs. St. Paul,* 12 *Minn.* 201.

The fact that plaintiff had taken this mortgage could not have led defendant to suppose that John R. Field was then the owner of the land, or of any interest therein, or to take the quit-claim under the belief that it would pass an interest; for the defendant *knew* not only that Field had nothing in the land when he gave him the quit-claim, but that he had nothing when he gave the mortgage.  Since the defendant not only got nothing, but knew that he got nothing, it cannot injure him to show that he got nothing.  Consequently, neither good conscience, honest dealing, or justice to defendant require the plaintiff not to show it.

It may also be remarked, that upon the facts stated in the complaint, it is not perceived how the defendant could be benefited by being allowed to redeem.  This quit-claim gives him no interest in the land as against the heirs of David D. Field.  If he were allowed to redeem, the mortgage would be paid, the land would be theirs, and the defendant would be but a stranger to the estate, who had, nevertheless, of his own motion removed the incumbrance.

It is not necessary to decide whether or not the complaint

states that John R. Field took back from his brother a mortgage to secure the purchase money of his moiety, and owned it when he gave this quit-claim.   If he held such a mortgage, "he had no conveyable interest in the mortgaged premises until foreclosure sale, or at least until entry after condition broken;" and this quit-claim, "unless at least intended to operate as an assignment of the mortgage, and transfer of the mortgage debt, is entirely inoperative, and such intention must be made to appear."   *Everest vs. Ferris,* 16 *Minn.* 26.

Such intention does not appear, on the contrary, the complaint states, as aforesaid, that defendant claimed to redeem as assignee of Field, the mortgagor, not as the assignee of a mortgagee, and owner of a mortgage and the debt it was given to secure.

The order appealed from is affirmed.