FREDERICK SCHROEDER *vs.* SOPHIA LAHRMAN.

June 6, 1881.

**Redemption from Mortgage Foreclosure—Tender of Amount Due.—**
A mere tender to the sheriff by a redemptioner of the amount necessary
to redeem from a sale of premises on mortgage, and a refusal by the
sheriff to receive it, will not discharge the lien of the holder of the certifi-
cate of sale. The sheriff, in such case, is not the agent of either party,
but the officer of the law, and the rights of the holder of the certificate
of sale can be neither waived nor prejudiced by his acts. The only office
and effect of such tender and refusal is to preserve and protect the right
of the redemptioner (if seasonably and properly asserted) to have the re-
demption perfected by application to the holder of the certificate, or by
proceedings against the sheriff to compel him to perform his official duty.

Action in ejectment commenced in the district court for Scott
county. Upon a trial by the court, *Macdonald*, J., presiding, judg-
ment was entered for defendant, and plaintiff appealed.

*Henry Hinds*, for appellant.

*H. J. Peck*, for respondent, upon the point that a tender of the
amount due to the sheriff, within the time for redemption, operated
to extinguish the lien, cited *Caruthers* v. *Humphrey*, 12 Mich. 270;
*Moynahan* v. *Moore*, 9 Mich. 9; *Kortright* v. *Cady*, 21 N. Y. 343;
*Breitenbach* v. *Turner*, 18 Wis. 148; *Moore* v. *Cord*, 14 Wis. 231;
*Ladue* v. *Detroit & M. R. R. Co.*, 13 Mich. 380; *Newton* v. *Sly*, 15
Mich. 391; *Hoggsett* v. *Ellis*, 17 Mich. 351; *Humphrey* v. *Hurd*, 29
Mich. 44; *Flanders* v. *Chamberlain*, 24 Mich. 305; *Eslow* v. *Mitchell*,
26 Mich. 500; *Potts* v. *Plaisted*, 30 Mich. 149; *Stoddart* v. *Hart*, 23
N. Y. 556; *Hartley* v. *Tatham*, 1 Keyes, 222; *Columbian Building
Ass'n* v. *Crump*, 42 Md. 192; *Balme* v. *Wambaugh*, 16 Minn. 116.

MITCHELL, J. This is an action in ejectment. The defendant in
her answer denies the title of plaintiff, and alleges title in herself.
Both parties claim title under one Fegebank,—the plaintiff, under a
mortgage upon the premises executed by Fegebank in 1863, and
afterwards duly foreclosed, and the premises sold thereunder April
25, 1867, to plaintiff's grantor; the defendant, under a conveyance
by Fegebank, subsequent to the mortgage. On the 7th of April, 1868,

defendant tendered to the then sheriff of the county in which the premises are situated the sum necessary to redeem from the mortgage sale. The sheriff refused to receive it. The tender was not kept good. The money was never tendered to the holder of the certificate, nor does it appear that he was ever applied to by the redemptioner to be allowed to redeem, or that she has ever asserted her right as against the sheriff to compel him to perform his official duty by executing a certificate of redemption.

The only question, therefore, in the case is, whether a mere tender to the sheriff, and a refusal by him to receive the amount necessary to redeem, operates as a discharge of the lien of the holder of the certificate of sale? We are of opinion that this question must be answered in the negative. In such case, the sheriff is not his agent, but merely the officer of the law with whom the redemptioner, if he sees fit, may deposit the money instead of paying it to the party to whom it belongs. No act of his can prejudice the rights of the holder of the certificate of sale. *Horton* v. *Maffitt*, 14 Minn. 289; *Davis* v. *Seymour*, 16 Minn. 210; *Tinkcom* v. *Lewis*, 21 Minn. 132; *Gilchrist* v. *Comfort*, 34 N. Y. 235. The only office or effect of such tender and refusal is that it will preserve and protect the right of the redemptioner to have the redemption perfected, if such right be seasonably asserted. The sheriff being the officer of the law, and not the agent of either party, his refusal to receive the money, and to execute a certificate of redemption, does not destroy the redemptioner's right, if seasonably asserted, to have the redemption perfected and properly evidenced; neither does it impair the right of the holder of the certificate to the redemption money, or, failing that, to acquire absolute title to the premises.

The defendant, upon the refusal of the sheriff, might have applied directly to the holder of the certificate of sale; or, if that was impracticable, have seasonably brought suit against him, setting up the fact of the tender and refusal, and bringing the money into court, and asking that a redemption be decreed. Or she might have brought the money into court, and instituted appropriate proceedings against the sheriff to compel him to perform his official duty by executing a certificate of redemption. But she has done none of these things; nor does

it appear that she has sought, or now seeks or wishes to perfect the redemption by paying the money, even assuming that she has not now lost such right by her laches—a question not now necessary to decide. But, without having done or offering to do any of these things, she rests her claim of title upon the bald fact of a tender to the sheriff and refusal by him, upon the theory that this of itself operated to divest the lien of the holder of the certificate. This position is untenable. We are, therefore, of opinion that, under the facts of this case, the title to these premises became vested in the holder of the certificate of sale, and is now vested in the plaintiff as his grantee.

Judgment reversed, and cause remanded, with direction to the court below to enter judgment for plaintiff in accordance with this opinion.