CHARLES J. BARTLESON v. STEWART C. MUNSON and Others.[1]

August 7, 1908.

Nos. 15,737—(208).

**Forcible Entry and Unlawful Detainer—Transfer of Action.**

An action for forcible entry and unlawful detainer, transferred to th
district court after it appears that the title to real estate is involved, i
thereafter in substance and effect an action in ejectment.

**Pleading—Introduction of Evidence.**

The plea of not guilty, which is proper in an action for forcible entr
and unlawful detainer in a municipal or justice court, may, after th
case is transferred to the district court, stand as a general denial in a
action in ejectment, and the defendant introduce thereunder any ev
dence which tends to disprove the facts alleged in the complaint show
ing the source and chain of plaintiff's title and right of possession.

**Possession—Estoppel Against Defendant.**

An action in forcible entry and unlawful detainer can only be com
menced against a person who is in possession of real property. But whe
the defendant entered into possession the day after the action was com
menced, and was in possession on the return day, and appeared and ad
mitted the allegations of the complaint respecting his possession, and aft
er the transfer of the case to the district court remained in possessior
and asserted and offered evidence to show his ownership of the propert
and right to possession thereof, he cannot thereafter, on appeal, be hear
to contend that the original proceeding was invalid and ineffective be
cause he was not in actual possession of the land when it was commenced

**Objection to Evidence.**

An objection that certain evidence offered was incompetent, irrelevant
and immaterial does not raise the question of its admissibility under th
pleadings.

**Redemption by Lien Creditor.**

The method provided by the statute for redemption by lien creditor
is statutory and must be strictly pursued. Each creditor is entitled t
redeem only in the order and during the period determined by the priorit
of his lien.

**Same—Order of Redemption.**

The order in which lien creditors are entitled to redeem is determine
by the priority of the liens as shown by the date of their record. Eacl

[1] Reported in 117 N. W. 512.

redeeming creditor must pay the amount which the creditor from whom he redeems paid, and in addition thereto the amount of such redeeming creditor's lien, as shown by the record and affidavit which the statute requires to be made and filed.

**mount and Validity of Prior Liens.**

A junior creditor, in order to redeem, must pay the amount shown by the record to be due. The statute provides no method by which he may determine the validity of prior liens or the proper amount thereof. He must pay according to the record, and if the lien is fraudulent, or the amount thereof padded, he must resort to other appropriate proceedings to recover any damages sustained by him thereby.

**riority of Liens.**

The priority of liens for purposes of redemption is determined by the time of record, without reference to the nature of the estates in the land, or any part thereof, owned by the mortgagors.

Action brought in the municipal court of Minneapolis to recover possession of one hundred sixty acres of land. The separate motions of defendants for dismissal on the ground that the complaint did not state a cause of action were denied by Charles L. Smith, J. The defendants thereupon pleaded guilty and demanded a jury trial. From the evidence it appeared that the title to real estate was involved and the case was transferred to the district court for Hennepin county where it was tried before Brooks, J., who dismissed the action as to defendant Florence Robinson and found in favor of plaintiff as against defendants David W. Parsons and Stewart C. Munson. From an order denying separate motions for a new trial, the last named defendants appealed. Affirmed.

*Parsons & Bowler,* for appellants.

*Daniel Fish,* for respondent.

**ELLIOTT, J.**

On July 1, 1905, George R. Robinson, the owner of a farm of one hundred sixty acres of land situated in Hennepin county, and his wife, Florence Robinson, mortgaged the same to Helen Conhaim to secure the payment of the sum of $3,400. George R. Robinson died November 17, 1905. Conhaim foreclosed the mortgage, and on September 18, 1906, the property was sold to her in one parcel for $,734.75. November 23, 1906, Conhaim assigned her sheriff's cer-

tificate to Fred Hodgdon. George R. Robinson's will was duly admit ted to probate, and on January 29, 1906, letters testamentary wer issued to his daughter, Georgia Robinson. On May 1, 1906, the sout half of the farm was assigned to Florence Robinson as her homestead March 23, 1907, the executrix under authority from the probate cour conveyed the north eighty acres of the farm to her sister, Maud Robin son, for a consideration of $250. March 25, 1907, Maud mortgage the north half and her remainder interest in the south half to Georg T. Halbert to secure payment of a note for $3,500. This mortgag was recorded March 30. In November, 1906, Frank L. Bowler se cured a judgment on the mechanic's lien against a part of the prem ises. September 16, 1907, Florence Robinson, the widow, mortgage her life estate in the south half of the land to the appellant Parson to secure a note for $8,402.82, and the mortgage was recorded Sep tember 18, 1907. September 3, 1907, Maud Robinson mortgaged th north half of the land to Charles J. Bartleson to secure the paymer of a note for $80, and this mortgage was recorded on Septembe 18, 1907.

No redemption was made by any one as owner from the foreclosur sale under the Conhaim mortgage. September 18, 1907, the last da of the year allowed by the statute to owners to redeem, Halber Parsons, and Bartleson each filed with the register of deeds due an proper notice of his intention to redeem from the foreclosure sale a a creditor having a lien upon the premises by virtue of his respectiv mortgage. On the same day Bowler filed a like notice of intentio to redeem under the mechanic's lien judgment. September 23, 190 Bowler, the senior lien creditor, redeemed and succeeded to all o Hodgdon's rights in the land. On September 28, 1907, within th second five days, Halbert redeemed by paying $4,151 to the sheri of Hennepin county, and received from him a certificate of redemp tion, which was on September 30, 1907, duly filed and recorded. O October 7, 1907, Bartleson redeemed by paying $7,788.63 to the sheri of Hennepin county, and received from him a certificate of redemp tion, which was duly filed and recorded. On September 24, Parson paid Bowler the sum of $4,125, and Bowler executed and delivere to Parsons a certificate of redemption, which was filed and recorde on the same day.

The consideration for the $3,500 note and mortgage given by Maud Robinson to Halbert was $250 in cash and the execution and delivery to her by Halbert of his negotiable promissory note for $3,-250. When Maud Robinson gave Halbert the $3,500 mortgage, she entered into a written contract which recited that Halbert had loaned her $250, to be used in purchasing the eighty acres of land in question other than the homestead eighty, subject to the Conhaim mortgage, which had been foreclosed, and that Maud Robinson should give to Halbert a mortgage on the lands to secure the payment of a note for $3,500. Halbert agreed to take steps to have the owners redeem the premises from the foreclosure sale; but, if no such redemption was made, he was to redeem as a lien creditor. If by this means he acquired title, the note and mortgage given him by Maud Robinson for $3,500 was to be fully paid and satisfied thereby. If the owners redeemed, the mortgage to Halbert was to stand as security for the $250 and other sums actually advanced, and the $3,250 was to be applied on the payment of the $3,500 note. If Halbert acquired title by redemption, or if the note and mortgage for $3,500 was paid by the redemption over Halbert's redemption by a subsequent lien creditor, Halbert was then to pay the $3,250 note which he had given Maud Robinson.

Bartleson, claiming that Parsons had not redeemed, because his payment to Bowler was out of order, his lien being junior to that of Halbert, and the subsequent tender to Halbert insufficient in amount, commenced an action in forcible entry and unlawful detainer against Munson and Parsons in the municipal court of the city of Minneapolis. When this action came on for hearing, Munson and Parsons appeared and entered pleas of not guilty. After some evidence had been taken it appeared that title to real estate was involved, and the case was thereupon certified to the district court as required by the statute. In that court the defendants moved to dismiss the action on the ground that the court had no jurisdiction. The motion was denied, and, a witness being called by the plaintiff, the defendant objected to any evidence being received on the ground that the complaint did not state facts sufficient to constitute a cause of action. The complaint was then amended, and, after a similar objection to the reception of evidence under the amended complaint had been made

and overruled, the trial proceeded, and resulted in an order for judgment in favor of the plaintiff.

The appellants contend that the action should have been dismissed in the municipal court, because an action of forcible entry and unlawful detainer will lie only when the relation of landlord and tenant exists, or has existed, and is the foundation of the action. Ordinarily the parties to such an action stand in that relation, but the statute expressly authorizes the proceeding "when any person holds over lands or tenements after a sale thereof on an execution or judgment, or on foreclosure of a mortgage by advertisement, and expiration of the time for redemption." Section 4038, R. L. 1905. The Conhaim mortgage was foreclosed by advertisement. The time for redemption had expired, and Munson, who had been in possession during the year, was holding over. Munson is certainly within the express provision of the statute. Parsons does not seem to have made any effort to have the action in the municipal court dismissed on the ground that he was not in possession of the premises when the action was commenced. It appears that on the day after the action was commenced, Parsons, claiming that he had redeemed, took the possession of the premises from Munson and made some arrangement with Munson by which the latter was to remain on the land as the tenant of Parsons. The court found that on the trial in the municipal court Parsons admitted "the allegations of said complaint respecting the possession." He was in possession at the time of the trial in the district court, and offered "evidence for the purpose of establishing title to said real estate and the right to hold and possess the same in himself." The action was properly transferred to the district court, and was there tried anew. It was then, to all intents and purposes, an action in ejectment. Ferguson v. Kumler, 25 Minn. 183. Parsons was then in possession, and asserting the right to possession on the ground that he was the legal owner of the land. His rights were litigated in that action with his consent, and it is now immaterial whether he was in possession of the land when the proceedings in the municipal court were instituted.

There is no merit in the claim that the amended complaint did not state facts sufficient to constitute a cause of action in ejectment. The point is that the complaint alleged that George R. Robinson was the

owner of the land on July 1, 1905, and that Maud Robinson was the owner when the mortgage under which the plaintiff redeemed was executed, and that there was nothing to show how Maud Robinson acquired the title. It may be conceded that the pleading failed to comply with the rule that, when a pleading attempts to show title to real estate in a party by stating specific facts through which he claims, it is bad if any fact necessary to the passing of the title to him is omitted. Pinney v. Fridley, 9 Minn. 23 (34); Bell v. Dangerfield, 26 Minn. 307, 3 N. W. 698. But the question cannot be raised on this appeal.

The objection to any evidence under the complaint was in general terms. The bill of exceptions shows that, when the plaintiff offered in evidence the license authorizing the sale of the land to Maud Robinson and the deed of the executrix completing the transfer, the defendants objected to them, "on the ground that they were incompetent, irrelevant, and immaterial." Such an objection does not raise the question of the admissibility of the evidence under the pleadings. Smith v. Kingman & Co., 70 Minn. 453, 73 N. W. 253. The present case is a good illustration of the reasonableness of the rule, as it is perfectly clear that, had the plaintiff's attention been called to the defect, it could have been cured by an amendment. Nelson v. Chicago, M. & St. P. Ry. Co., 35 Minn. 170, 28 N. W. 215; Vaughan v. McCarthy, 63 Minn. 221, 65 N. W. 249; Johnson v. Okerstrom, 70 Minn. 103, 73 N. W. 147; Merchants Nat. Bank of Grand Forks v. Barlow, 9 Minn. 234, 82 N. W. 364. The manner in which Maud Robinson obtained the title is found in detail by the trial court, and, as the entire evidence is not before us, it must be presumed that there was evidence sufficient to sustain the finding.

When a complaint merely alleges title in the plaintiff, the defendant may, under a general denial, prove any fact the existence of which necessarily negatives the allegation that the title is in the plaintiff; but, when the plaintiff sets out in detail the specific facts on which his title rests, defendant under a general denial can only disprove the facts thus specifically pleaded. Dickson v. City of St. Paul, supra, page 165, 117 N. W. 426. The plea of not guilty, which is all that is required in an action of forcible entry and unlawful detainer in order to put in issue the allegations of the complaint (Berryhill v. Healey, 89 Minn. 444, 95 N. W. 314), stood as the equivalent of a

general denial after the case had been transferred to the district court and became in substance an action in ejectment. No special defenses were pleaded in this case, and the evidence which tended to establish many of the facts with reference to which the court made findings might properly have been excluded.

The right of lien creditors to redeem is created by statute. It is a strict legal right, to be exercised, if at all, in accordance with the terms of the statute, unless waived or extended by the party whose interests are to be affected. Atwater v. Manchester Sav. Bank, 45 Minn. 341, 48 N. W. 187, 12 L. R. A. 741; Hoover v. Johnson, 47 Minn. 434, 50 N. W. 475. No redemption was made within the year by any one as owner, and under such circumstances the statute provides that "the senior creditor having a lien, legal or equitable, upon the mortgaged premises, or some part thereof, subsequent to the mortgage, may redeem within five days after the expiration of said twelve months; and each subsequent creditor having a lien, in succession, according to priority of liens, within five days after the time allowed the prior lienholder, respectively, may redeem by paying the amount aforesaid and all liens prior to his own held by the person from whom redemption is made." Section 4481, R. L. 1905. The evident purpose of this statutory plan for redemption by creditors through a kind of auction sale is to make the land bring its utmost value while preserving the rights of each creditor according to the seniority of his lien. Pamperin v. Scanlan, 28 Minn. 345, 9 N. W. 868; Sprague v. Martin, 29 Minn. 226, 13 N. W. 34; Todd v. Johnson, 56 Minn. 60, 57 N. W. 320. The statutory provisions must therefore be strictly followed, unless waived by interested parties.

In this case the creditors, in the order of their liens as shown by the record, were Bowler, Halbert, Parsons, and Bartleson. Bowler redeemed within the first five days, Halbert redeemed from Bowler within the second five days, and it was then Parsons' turn to redeem from Halbert. But Parsons claimed that his lien was ahead of or co-ordinate with that of Halbert, and attempted to redeem from Bowler ahead of Halbert. We are clear that in this he was in error, and that his payment of the money to Bowler did not effect a redemption. Halbert's lien was prior in record and date to that of Parsons, and "there is no provision in the statute to determine the rights of re

spective creditors in regard to redemption, except by the priority of their respective liens." Whitney v. Burd, 29 Minn. 203–205, 12 N. W. 530.

During the period allowed to the creditor next in order after Halbert, Parsons attempted to redeem from Halbert by tendering the amount which Halbert had paid to redeem from Bowler, and in addition thereto, not what Halbert's affidavit stated was due on his mortgage, but what Parsons claimed or was willing to admit was due. To make a redemption Parsons was required to pay what Halbert had paid to redeem from Bowler, "and all liens prior to his own held by the person from whom redemption is made." Section 4481, R. L. 1905. The general plan provided for redemption by creditors is inconsistent with the idea that a junior creditor may determine for himself the amount and validity of the prior liens, and tender only what he conceives to be properly due thereon. The affidavit which the statute requires must state the amount of the lien, in order that the junior lienholder may know the amount necessary to be paid. Williams v. Lash, 8 Minn. 441 (496); Tinkcom v. Lewis, 21 Minn. 132, 141. The "auction" must proceed rapidly as provided for by the statute, and the junior lienholder must pay what the records show to be due, and resort to some other proceeding to recover any damages occasioned by a fraudulent lien or a lien for an excessive amount. Parker v. St. Martin, 53 Minn. 1, 55 N. W. 113.

The other assignments of error are without merit, and the order of the trial court is affirmed.