### W. M. TABER v. EVA RATHBUN.[1]

August 6, 1926.

No. 25,461.

Attempted redemption from foreclosure of first mortgage by second mortgagee was invalid as to third mortgagee because of failure to file statutory affidavit.

As against the owner of a third mortgage on land, the failure of the owner of a second mortgage to produce and file the affidavit required by G. S. 1923, § 9628, invalidates an attempted redemption from the foreclosure sale of the mortgaged premises under a first mortgage.

Mortgages, 27 Cyc. p. 1833 n. 67.

Action in the district court for Hubbard county to determine adverse claims. The case was tried before Wright, J., who made findings and ordered judgment in favor of plaintiff. Defendant appealed from the judgment. Affirmed.

*U. G. Wray, M. J. Daly* and *M. J. Daly, Jr.,* for appellant.
*Donald C. Carman* and *Mark J. Woolley,* for respondent.

[1]Reported in 210 N. W. 95.

LEES, C.

The land involved in this litigation was subject to three mortgages. The first was foreclosed and the land sold to the mortgagee. The year of redemption expired February 1, 1925. The plaintiff, who owned the third mortgage, and the defendant, who owned the second, each filed due notice of their intention to redeem. On February 5, 1925, the defendant exhibited to the sheriff her original mortgage with the certificate of the record thereof and paid the sum required to redeem. The sheriff issued a certificate of redemption and it was filed for record on February 5, 1925. Defendant failed to produce to the sheriff or file for record the affidavit required by G. S. 1923, § 9628. The sheriff tendered to the holder of the certificate of foreclosure sale the sum he had received from the defendant, but the tender was refused. On February 10, 1925, plaintiff searched the records in the office of the register of deeds and discovered that the affidavit above mentioned had not been filed. Thereupon he tendered to the certificate holder the amount required to redeem, accompanying the tender with the production of his original mortgage, with the certificate of record indorsed thereon, and an affidavit showing the amount then due on his mortgage. The tender was accepted and a certificate of redemption issued, under which plaintiff claims to have become the owner of the land. He brought this action to determine defendant's adverse claim thereto. The court, upon the stipulation of the parties, found the facts to be as stated above and held that plaintiff was entitled to judgment. Defendant has appealed from the judgment.

The question is whether defendant made a valid redemption. If she did not, plaintiff has become the owner of the land.

We think that defendant's failure to comply with the statute in the particular mentioned defeated her attempt to redeem.

In Tinkcom v. Lewis, 21 Minn. 132, it was held that the statute requiring the affidavit must be substantially complied with and that there is not a sufficient compliance when the sheriff and the lienholder seeking to redeem compute the amount due on the lien and no affidavit is made in which the amount due is set forth. Pamperin v. Scanlan, 28 Minn. 345, 9 N. W. 868, is to the same effect.

The purpose of the statute requiring the affidavit is to make a record for the information of subsequent lienholders who may desire to redeem. If one redeems, he must pay the amount stated in the affidavit. The affidavit is conclusive as to the amount for the purposes of a redemption. Bartleson v. Munson, 105 Minn. 348, 117 N. W. 512. The legislature has deemed it important that subsequent redemptioners should not be required to depend upon unsworn statements as to the amount due on a prior lien under which a redemption is made.

But it is contended by counsel for defendant that all the purposes of the affidavit are served by the certificate of redemption. The certificate was a matter of record when plaintiff's right to redeem matured, and he was charged with notice of the contents thereof. Section 9629, G. S. 1923, provides that the officer's certificate of redemption shall contain, among other things, a statement of the claim upon which the redemption was made and, if upon a lien, the amount claimed to be due thereon at the date of redemption.

Neither in the stipulation of facts nor in the findings is there any statement of the amount which defendant claimed to be due upon her mortgage when she attempted to redeem. Presumably some amount was inserted in the sheriff's certificate. In a memorandum appended to the findings, the trial judge says: "This certificate of redemption recites the amount of her (defendant's) mortgage as it was possibly figured by the sheriff and defendant's agent, although this is not shown by the stipulation of facts." Herein lies the difficulty encountered by defendant. In the absence of a showing, by statutory affidavit or otherwise, that the amount mentioned in the certificate was due to defendant upon her mortgage when she attempted to redeem, was plaintiff bound to assume that the amount was correctly stated in the certificate and must he pay that amount as well as the amount due the holder of the sheriff's certificate of sale in order to effect a redemption?

Certainty as to the amount he must pay is important to a junior redemptioner. The affidavit of the first redemptioner makes for certainty. If the affiant wilfully mis-states the amount, he is guilty

of perjury. The statute makes the affidavit the authoritative source of information to which the person issuing the certificate of redemption and all subsequent redemptioners may look and upon which they may rely. We think the statute is mandatory and not merely directory, and that the record of the sheriff's certificate of redemption does not dispense with the necessity of filing the affidavit.

Counsel for both parties cite Rambeck v. La Bree, 156 Minn. 310, 194 N. W. 643, in support of their several contentions. In that case the affidavit was filed. The only defect in the proceeding was the failure to insert in the certificate of redemption a statement of the amount due upon the lien of the redemptioner. It was said that the statement is necessarily based on the redemptioner's affidavit as to the amount due on his lien; that, if the junior lienholder had searched the records, he would have ascertained that the senior lienholder had redeemed, the nature of the lien under which redemption was made, and the amount due on the lien. In the instant case, a search of the record would have disclosed merely the unsworn statement in the sheriff's certificate of redemption that a certain amount was claimed by the first redemptioner. This was not sufficient compliance with the spirit of the statute, and herein the case is clearly distinguishable from Rambeck v. La Bree.

The trial court reached the correct conclusion and the judgment is affirmed.