## EVELYTH G. BETCHER AND ANOTHER v. HENRY EBERT AND ANOTHER.[1]

December 17, 1926.

No. 25,530.

**After redemption from foreclosure by lienor, court will not inquire into amount or validity of his lien.**

1. Where a lienor redeems from a mortgage foreclosure sale, the court will not, at the instance of the mortgagor or a junior lienholder, inquire into the amount or validity of such prior lien.

**For purposes of redemption, priority of liens is fixed by record.**

2. The priority of liens for purposes of redemption is determined by the time of record, without reference to the nature of the estate in the land or any part thereof owned by the mortgagor.

**If prior lien is fraudulent, junior creditor must pay record amount due.**

3. A junior creditor, in order to redeem, must pay the amount shown by the record to be due and, if the prior lien is fraudulent, he must resort to other appropriate proceedings for his damages.

**Right of lien creditor to redeem is statutory.**

4. The right of lien creditors to redeem is statutory and must be exercised in accordance with the statute.

**What each redeeming creditor must pay on redemption.**

5. Each redeeming creditor must pay the amount which the creditor from whom he redeems paid, plus the amount of such redeeming creditor's lien.

**Judgment on pleadings properly granted.**

6. The owners having failed to redeem from the foreclosure sale and defendants having stipulated that they make no claim, under their lien, against that portion of the tract not covered by the mortgage, judgment was properly granted upon the pleadings, there being nothing further to litigate.

Mortgages, 27 Cyc. p. 1805 n. 71; p. 1824 n. 2 New; p. 1833 n. 67.
Pleading, 31 Cyc. p. 608 n. 50.

[1]Reported in 211 N. W. 323.

Plaintiffs, Evelyth G. Betcher and Chester E. Betcher, and interveners, General Mortgage Securities Corporation, R. R. Betcher and First National Holding Company, appealed jointly and severally from judgments of the district court for Hennepin county, Nye, J. Affirmed.

*Ludwig O. Solem* and *Seth Lundquist*, for appellants.

*S. R. Child*, *H. E. Fryberger* and *Donald E. Bridgman*, for respondents.

QUINN, J.

Plaintiffs, brother and sister, became owners of a tract of 68 acres in Hennepin county in January, 1919. On April 8, 1919, they executed a mortgage to George Odell for $6,000 on 15 acres of such tract which was recorded May 29, 1919. On January 22, 1920, the defendant Henry Ebert filed a lien for attorney's fees in the sum of $3,600 against the 68 acre tract and at the same time executed and filed an assignment thereof to his wife, Julia Ebert. On April 14, 1924, the mortgage was foreclosed by George L. Strong, assignee thereof, who bid in the property and received the sheriff's certificate.

The present action was commenced in February, 1925, to cancel and expunge from record such lien upon the ground that it is fictitious, fraudulent, invalid and a cloud upon plaintiffs' title to the land. On April 11, 1925, the plaintiffs executed two mortgages, for $25 each, covering the 15 acre tract—one in favor of A. G. Hudson; the other in favor of the General Mortgage Securities Corporation—which were filed for record prior to the expiration of the year of redemption from the mortgage foreclosure sale. On April 20, 1925, Julia Ebert redeemed from the foreclosure sale, paying therefor the sum of $7,311.42. She received the sheriff's certificate of redemption in the usual form. The money so paid to the sheriff, less costs of foreclosure, was turned over to Strong who accepted and retained the same.

Hudson and the General Mortgage Securities Corporation, by leave of court, filed and served complaints in intervention setting forth their mortgages and the right of redemption thereunder, alleg-

ing the invalidity of the lien and that the same constituted a cloud upon the title to such land. Betcher and the First National Holding Company also intervened setting forth the invalidity of such lien and asked that the same be canceled and expunged from the record.

The lien as filed affected the entire 68 acre tract. The services therein referred to were performed by Henry Ebert during the period from April 21, 1915, to October 1, 1919. Hudson and the General Mortgage Securities Corporation on May 13, 1925, filed notices of their intention to redeem from such foreclosure sale but made no redemption.

On May 26, 1925, the trial court, upon notice, issued an order to show cause, returnable May 29, 1925, why an order should not be made for judgment in favor of the defendants upon the pleadings and for such other relief as to the court might seem just. The matter was heard upon the moving papers, pleadings, affidavits filed and the record. On June 17, 1925, the court filed its order setting aside its leave to file such intervening pleadings, striking out such complaints, and granting judgment in favor of the defendants upon the pleadings and adjudging that the interveners were not entitled to any relief; that the defendants, as against such interveners, were entitled to their costs and disbursements, and directed that judgment be entered accordingly.

In their original answer defendants set up the validity of the lien, alleged that the services therein referred to were rendered to R. R. Betcher and to the First National Holding Company in a series of suits involving the 68 acre tract prior to the time that plaintiffs became the owners thereof, and that such services were so rendered with full knowledge and notice to plaintiffs. The reply put in issue the allegations of such answer. Thereafter defendants filed and served a supplemental answer setting forth the foreclosure sale of the 15 acre tract; that the year for redemption expired on April 14, 1925; that no redemption therefrom was made within such period; that plaintiffs thereby lost all right, title and interest in such 15 acre tract; that Julia Ebert on April 14, 1925, filed a notice of in-

tention to redeem from such sale by virtue of her lien described in the original answer; that on April 20, 1925, she redeemed such land from the foreclosure sale; that she then became and now is the owner of said 15 acre tract; that plaintiffs take nothing by this action, and that she recover her costs and disbursements.

On June 17, 1925, the trial court, upon motion of defendants for judgment against the plaintiffs upon the pleadings, filed an order granting such motion and finding that paragraph 2 of the supplemental answer is true; that neither of the defendants makes any claim to any part of the 68 acre tract excepting the 15 acres thereof covered by the mortgage which was foreclosed; that the defendants stipulated in open court to release all claims to said premises on account of the lien, except such 15 acre tract; and that the defendant Julia Ebert is entitled to judgment that she is the owner in fee simple and entitled to the possession of said 15 acre tract of land, free and clear of any and all claims on the part of plaintiffs or either of them, and that defendants are entitled to their costs and disbursements, and ordered judgment accordingly. On September 18, 1925, upon motion of the defendants, judgments were entered upon each of the findings and order for judgment referred to. The appeal herein is from such judgments.

It is apparent from the record that plaintiffs failed to redeem from the mortgage foreclosure sale and thereby lost all their right, title and interest in and to the 15 acre tract. They were the owners of the remaining 53 acre tract however and had the right to maintain the action for the purpose of freeing that tract from the lien if it still remained as an apparent cloud upon their title. But the redemption from the foreclosure sale of the 15 acre tract by Julia Ebert operated to satisfy the lien to the extent that the value of the tract so redeemed exceeded the amount paid in making the redemption. The Eberts conceded in effect that the value of that tract was sufficient to satisfy and extinguish the lien, for they stipulated in open court that they no longer made any claim to a lien upon the 53 acre tract; and at their instance, judgment was entered decreeing among other things that neither of them has any right, title or interest in, or lien upon, any of the land outside the 15 acre tract

covered by the mortgage. As the plaintiffs no longer have any interest in the 15 acre tract and are not personally liable on the claim upon which the lien was based, this judgment secures to them all the relief which they could obtain in this action. Notwithstanding this, it is insisted that plaintiffs were entitled to litigate the validity of the lien and that the interveners, claiming a right of redemption under the mortgage held by them, had a right to redeem. Under the well established rule, there was nothing more to litigate in this lawsuit as held in Bartleson v. Munson, 105 Minn. 348, 117 N. W. 512, reaffirmed in Taber v. Rathbun, 168 Minn. 370, 210 N. W. 95. The right of lien creditors to redeem is created by statute. It is a strict. legal right to be exercised, if at all, in accordance with the statute. G. S. 1923, §§ 9627, 9628.

In the present case, the creditors, in the order of their liens as shown by the record, were the defendants and A. G. Hudson and the General Mortgage Securities Corporation. Neither of the two latter redeemed. Defendant's lien was prior in date and record to the interveners' mortgages. There was no provision in the statute to determine the rights of the creditors in regard to redemption except by the priority of their respective liens. To entitle either of the interveners claiming a right to redeem under their mortgage, it was necessary for them to pay what the defendant paid in making her redemption and in addition thereto the lien held by her. A junior creditor is unauthorized to determine for himself the amount or validity of prior liens. The affidavit which the statute requires must state the amount of the lien in order that the junior lienholder may know the amount necessary to be paid, and the junior lienholder seeking to redeem must pay what the record shows to be due, and resort to some other proceeding to recover for damages occasioned by a fraudulent lien or a lien for an excessive amount. Parker v. St. Martin, 53 Minn. 1, 55 N. W. 113; Bartleson v. Munson, supra; Taber v. Rathbun, supra. We find no merit in the other assignments of error and, as the cases cited are conclusive, further argument is unnecessary. The judgments appealed from are affirmed.

Affirmed.