ABBIE M. TRASK v. P. J. RUSSELL.
WILLIAM H. RUSSELL AND ANOTHER, INTERVENERS.[1]

January 4, 1935.

No. 30,171.

*P. J. Russell* and *G. W. Campbell,* for appellants.
*W. B. Sherwood,* for respondent.

LORING, JUSTICE.

This is an appeal by the defendant and the interveners from a judgment against defendant in an action in forcible entry and unlawful detainer. The defendant inherited from his wife a life estate in homestead property in the city of Bemidji. The remainder went to his three sons, two of whom are the interveners here. It appears that the plaintiff sought to acquire a tax title to the property so inherited and in 1930 commenced an action in the district court of Beltrami county under 1 Mason Minn. St. 1927, § 2188, and made the defendant, his son Francis and the Security State Bank of Bemidji defendants. The case was tried in the fall of 1930, and the court found that the plaintiff did not have a tax

[1]Reported in 258 N. W. 164.

214

title because of the insufficiency of the notice of the expiration of redemption. Under § 2188 it gave the plaintiff a judgment for the amount of the taxes paid by her, together with interest and costs, and adjudged the same to be a lien against the premises. Execution was issued thereon and levied upon the property, which was sold by the sheriff to the plaintiff on January 2, 1932. The year for redemption expired January 2, 1933, without redemption having been made, and this action in forcible entry and unlawful detainer was commenced in the following spring. The court found that the property here involved had been properly set apart to the defendant as surviving spouse and that the premises so set apart were a homestead. No final decree has ever been entered. It also found that the plaintiff had obtained a lien upon the premises for $1,224.42, that the execution had been properly issued to sell the premises to satisfy the lien, and that no redemption had been made after the sale to the plaintiff. It also found that after the attaching of the plaintiff's tax lien but before the judgment the defendant and his sons entered into an arrangement whereby, with their leave and consent, he was permitted to live on the premises and that that arrangement is still in effect as between them. The interveners were not parties to the action brought to establish the tax title. The court found as conclusions of law that the plaintiff acquired an estate in the premises for the life of the defendant and is entitled to the possession thereof. It also found that the interveners, although each the owner of an undivided one-third interest in the remainder, have no right to the present possession thereof. It found that the premises were held and detained from the plaintiff by the defendant, that the plaintiff was entitled to judgment for the possession and restitution of said premises.

It is clear to us that the defendant is bound by the judgment obtained by the plaintiff in the tax case. The tax lien obtained by the plaintiff continued into the judgment, and whatever arrangement there was between defendant and the sons was subject to that lien. At the death of his wife a life estate in the homestead vested in the defendant by virtue of our statutes without

any act on his part or on the part of the probate court. Nordlund v. Dahlgren, 130 Minn. 462, 153 N. W. 876, Ann. Cas. 1917B, 941. The judgment for taxes was made a specific lien on the premises. They were properly sold under the execution, and after the period of redemption had expired plaintiff was entitled to possession. Forcible entry and unlawful detainer was a proper form of action. After removal to the district court it was in effect ejectment. Bartleson v. Munson, 105 Minn. 348, 117 N. W. 512. That as against the interveners the plaintiff is only on this record entitled to an estate for defendant's life is no bar to her recovery of possession while defendant lives. No confirmation of the execution sale was required by the prescribed procedure. 1 Mason Minn. St. 1927, §§ 2185-2186.

Affirmed.

STONE, JUSTICE, took no part.