Jack LEHTINEN, Appellant,

v.

Barry M. GERR, Respondent.

No. C2–85–133.

Court of Appeals of Minnesota.

May 14, 1985.

Jack Lehtinen, pro se.

Stewart C. Loper, St. Paul, for respondent.

Considered and decided by WOZNIAK, P.J., and NIERENGARTEN and CRIPPEN, JJ., with oral argument waived.

## OPINION

WOZNIAK, Presiding Judge.

This is an appeal from a district court order directing the Hennepin County Registrar of Titles to cancel a certificate of title and issue a new certificate of title for land therein described in favor of Barry M. Gerr, free from all memorials except an NSP easement. We affirm.

## FACTS

This action involves the property described in Certificate of Title No. 443323 as to Lot 5, Block 1, Lamplighter's Square 3rd Addition, Hennepin County.

On August 13, 1979, the marriage of Linda S. Gerr (Bendel) and Barry M. Gerr (Gerr) was dissolved and their respective interests in the property at 5932 29th Place North, Crystal, were set forth. In essence, the court's decree gave to Bendel the fee title to the property and placed a lien upon the property in favor of Gerr in an amount equal to one-half of the net proceeds of a sale when the premises were sold.

Bendel defaulted on the first mortgage on the property. On December 17, 1981, the Hennepin County Sheriff sold the property at a mortgage foreclosure sale to First Federal Savings & Loan for $31,346.21 and issued the bank a Sheriff's Certificate of Sale. Gerr filed a Notice of Intention to Redeem on January 28, 1982.

Prior thereto, on January 25, 1982, the University of Minnesota Hospitals obtained a $665.82 judgment against Bendel, and the University thereafter assigned its interest

to James E. Swartwood. On June 17, 1982, Swartwood, as a lien creditor, filed the judgment and a Notice of Intention to Redeem.

June 17, 1982 was the last day for Bendel to redeem the premises from foreclosure as provided by Minnesota law. On that day, however, Bendel filed for bankruptcy in U.S. Bankruptcy Court.

On June 18, 1982, before he received notice of Bendel's bankruptcy filing, Gerr paid to First Federal $32,811 and was assigned the bank's Certificate of Redemption. Gerr then filed the certificate with the Hennepin County Recorder. Gerr did not file affidavits as required by Minn.Stat. § 580.25.

On June 22, 1982, Swartwood attempted to redeem at approximately 9:00 A.M. through the Hennepin County Sheriff. The sheriff refused to allow Swartwood to redeem until an agent for Gerr was contacted and filed Affidavits of Amount Due. Gerr's affidavit did not identify any amount due, but merely recited the terms of the dissolution decree. Swartwood then tendered an Affidavit of Amount Due ($717.32) and a cashier's check for $32,865.17 to the sheriff. Because the sheriff was uncertain whether to issue a Certificate of Redemption to Swartwood, he contacted the County Attorney's office, and the check was thereafter deposited with the Clerk of District Court, where it remains pursuant to a district court order. *In re Petition of Hennepin County Sheriff,* File No. 792641 (1982).

On August 16, 1982, Bendel sought an additional 90-day extension of the redemption period in U.S. Bankruptcy Court. This was denied on September 2, 1982.

On August 19, 1982, Gerr obtained a second Certificate of Redemption from First Federal and filed the certificate and affidavits with the county recorder. No other parties attempted to redeem. Thereafter Swartwood, through his assignee Jack Lehtinen, petitioned the Hennepin County District Court for Peremptory Writs of Mandamus to compel the sheriff to issue a Certificate of Redemption to him.

The district court refused to grant the relief requested in each case.

On August 22, 1983, Bendel was discharged from bankruptcy.

On or about April 20, 1984, Gerr tendered to Swartwood and Lehtinen $830, plus interest, in full satisfaction of the judgment running in favor of Swartwood on the certificate of title.

Gerr thereafter petitioned for a new certificate of title. Lehtinen answered and objected, arguing that he, not Gerr, should be issued the certificate of title. The district court held that Swartwood's lien claim was junior to that of Gerr and that Swartwood could only redeem after Gerr's five-day redemption period expired.

The court found that without the filing of the Petition in Bankruptcy, the redemption period would have expired June 17, 1982 pursuant to Minn.Stat. § 580.23. The bankruptcy filing, however, extended Bendel's redemption period through August 16, 1982.

By virtue of the extension, the court found that the attempted redemptions in June 1982 had no legal force or effect. The court found, however, that Gerr did redeem the premises from foreclosure on August 19, 1982, after the running of the 60-day extension period. It therefore found that Swartwood and Lehtinen's claims were without merit, and held that Gerr was entitled to a new certificate of title.

## ISSUES

1. Is a former spouse, entitled by marriage dissolution decree to one-half of the net profit from the eventual sale of his former homestead, entitled to redeem from foreclosure sale during the mortgagor's redemption period or during the period available to the creditors?

2. Does the filing of a petition in bankruptcy by the mortgagor automatically extend for 60 days the period of redemption from mortgage foreclosure pursuant to

Minn.Stat. §§ 580.23 and 580.24 and 11 U.S.C. § 108?

3. Is a former spouse who redeemed the premises from foreclosure after the running of a mortgagor's 60-day extension of a statutory redemption period entitled to a new certificate of title?

## ANALYSIS

1. The trial court held that Respondent Gerr, pursuant to the judgment dissolving the marriage of Barry M. Gerr and Linda S. Gerr (Bendel), was a lien creditor and entitled to redeem during the creditors' redemption period.

Appellant Lehtinen argues that Gerr's right to redeem was limited to the mortgagor's redemption period, and that Gerr was not a creditor at all. We do not agree. The judgment and decree of the district court dissolving the marriage of Gerr and Bendel specifically divested Gerr of title to the premises which is the subject of this litigation, and created a lien in lieu of his fee interest. The decree granting Gerr one-half of the net profit from the eventual sale of his former homestead entitles Gerr to redeem during the creditors' redemption period.

2. The district court held that Bendel's filing of a Petition in Bankruptcy in the United States Bankruptcy Court for the District of Minnesota automatically extended the period for redemption by Bendel to and including August 16, 1982. Lehtinen argues that the mere filing of a petition in bankruptcy is insufficient to extend the statutory deadline.

The statutory scheme for redemption from foreclosure is governed by Minn.Stat. § 580.23–580.27 (1984). Section 580.23 provides a time within which a mortgagor may redeem, and in the event said mortgagor does not redeem, then Section 580.24 provides that the senior creditor having a lien may redeem within five days after the expiration of the redemption period for the mortgagor; and each subsequent creditor having a lien in succession according to the

priority of liens may redeem within five days after the prior lien creditor.

In this instance, Bendel's redemption period would normally have expired on June 17, 1982. On that date, however, without having redeemed the property, Linda filed a petition for bankruptcy under Chapter 13 of the Bankruptcy Code.

Section 108 of the Bankruptcy Code, 11 U.S.C. § 108 (1982) provides that if an applicable law fixes a period within which the debtor may, inter alia, cure a default, the trustee (or the debtor) has 60 days to cure the default after an order for relief.

In *Johnson v. First National Bank of Montevideo,* 719 F.2d 270 (8th Cir.1983), the court held that, upon the filing of a Petition in Bankruptcy, section 108(b) provides for a 60-day extension during which a bankruptcy trustee (or a debtor) may redeem a mortgage foreclosure. The Eighth Circuit in *Johnson* specifically dealt with the effect of a Petition in Bankruptcy on a mortgage foreclosure where the mortgage foreclosure sale had already been had and the expiration of the period of redemption was approaching. The court held that under the terms of section 108(b), a debtor has 60 days to redeem the mortgaged property. *Id.* at 278.

In this case, the district court found that Bendel's bankruptcy filing extended until August 16, 1982, the time within which she could redeem, and that attempted redemptions by Gerr and Swartwood in June 1982 were without legal effect. We agree. *See Johnson,* at 278. *See also* Note, *Johnson v. First National Bank of Montevideo: The Effect of Bankruptcy on a Statutory Redemption Period,* 17 Creighton L.Rev. 1251 (1984) (concluding that section 108 tolls a state-created right of redemption following a foreclosure sale).

3. The district court held that following the expiration of the 60-day extension of the statutory period of redemption, Gerr did redeem the premises from foreclosure on August 19, 1982. It found that Gerr's lien claim was senior to Swartwood's and Lehtinen's lien claims, and that

therefore Swartwood could only redeem after the five-day period provided to Gerr to redeem had expired. It therefore directed the Hennepin County Registrar of Titles to cancel the old certificate of title and enter a new certificate of title for land therein described in favor of Barry M. Gerr, free from all memorials except an NSP easement. We agree with this determination.

## DECISION

We affirm the order of the district court. The clerk of court is directed to return to the Objector, Jack Lehtinen, the monies currently being held pursuant to Hennepin County District Court File No. 792641, with whatever interest may have accrued from June 24, 1982.

Affirmed, with instructions.