UNITED STATES of America, Plaintiff,

v.

DAIRY FARM LEASING
COMPANY, Defendant.

William J. NEVIN, and Richard Welch,
Defendants and Third Party Plaintiffs,

v.

25 GROVELAND PARTNERSHIP,
Third Party Defendant.

Civ. No. 4–89–180.

United States District Court,
D. Minnesota,
Fourth Division.

Jan. 26, 1990.

**1336**

Kenneth W. Saffold, Office of U.S. Atty., Minneapolis, Minn., for plaintiff U.S.

David R. Witte, Minneapolis, Minn., for defendant Dairy Farm Leasing Co.

Michael C. Lindberg and John R. Crawford, Johnson & Lindberg, P.A., Minneapolis, Minn., for defendants William Nevin and Richard Welch.

Leander G. Lippert, Edina, Minn., for third-party defendant 25 Groveland Partnership.

## MEMORANDUM OPINION AND ORDER

DIANA E. MURPHY, District Judge.

The United States brought this action against Dairy Farm Leasing Company (Dairy Farm), Scott County sheriff William Nevin, and deputy sheriff Richard Welch (collectively "the sheriff").[1] The complaint alleges that the sheriff unlawfully allowed Dairy farm to redeem foreclosed property when its right to redemption was inferior to the rights of plaintiff. The complaint seeks an order setting aside Dairy Farm's redemption and allowing plaintiff an opportunity to redeem the property. In the alternative, plaintiff requests damages of $119,476.82, the amount of its equity in the property.

Defendants Nevin and Welch filed a cross claim against Dairy Farm seeking cancellation of Dairy Farm's certificate of redemption and title to the property and indemnification or contribution for their possible liability to plaintiff. Nevin and

Welch also filed a third-party complaint against 25 Groveland Partnership (Groveland) which also sought cancellation of the land transfer between Dairy Farm and Groveland and indemnification or contribution for their possible liability to plaintiff.

Although not alleged in plaintiff's complaint, jurisdiction appears to be proper under 28 U.S.C. § 1345. Presently before the court are several motions for summary judgment.[2]

### I.

On November 2, 1970, the Equitable Life Assurance Society of the United States (Equitable) loaned James and Bernadine Sticha $55,000, and acquired a first mortgage on 265 acres of property owned by the Stichas in Scott County, Minnesota (Property). The property is legally described as five separate parcels of land and consists of three non-contiguous tracts of land.

A second mortgage on the entire property was recorded in favor of Dairy Farm on October 10, 1981 in the amount of $1,350. On April 10, 1981, a third mortgage was recorded from the Stichas to the Farmers Home Administration (FmHA). The FmHA mortgage covers only 235 acres of the total 265 acres of the Sticha property.

The Stichas satisfied the 1980 Dairy Farm mortgage with a portion of the FmHA loan proceeds and a satisfaction of mortgage was recorded on September 17, 1981.

On June 9, 1982, the Stichas executed a new mortgage to Dairy Farm which covered the entire 265 acre property. This second Dairy Farm mortgage was recorded on June 23, 1982.

In September 1987, Equitable foreclosed on its first mortgage, and the property was sold at a sheriff's sale on November 18, 1987. Equitable was awarded the property based on its high bid of $71,215.14. Before the end of the one-year redemption period,

---

1. The deputy sheriff acts as the sheriff for the purpose of redemptions in the absence of the sheriff. *See Willis v. Jelinck,* 27 Minn. 18, 6 N.W. 373 (1880).

2. All parties except Groveland have moved for summary judgment.

both plaintiff and Dairy Farm filed notices of intent to redeem with Scott County.[3] The Dairy Farm notice, however, referred to the 1980 mortgage that had already been satisfied rather than its current outstanding 1982 mortgage.

On November 21, 1988, Dairy Farm redeemed the property from the sheriff by tendering certain documents and payment. The sheriff was unfamiliar with redemption procedures and relied on the representations made by Dairy Farm about its redemption rights. Dairy Farm's redemption, like its notice of intent, was premised on documents describing the previously satisfied 1980 mortgage that was recorded prior to the FmHA mortgage.

Later that same day, plaintiff attempted to redeem the property by tendering an amount equal to Equitable had paid at the sheriff's sale, plus statutory interest (6%) pursuant to Minn.Stat. § 580.24.[4] The sheriff refused plaintiff's attempted redemption, apparently because Dairy Farm had already redeemed the property earlier in the day. The sheriff also refused several additional attempts by the plaintiff to redeem the property.[5]

On November 30, 1988, Dairy Farm conveyed 170 acres to Groveland. This conveyance was recorded on January 13, 1989. Plaintiff subsequently commenced this action.

## II.

On a motion for summary judgment, all evidence and inferences are to be viewed in a light most favorable to the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 2513, 91 L.Ed.2d 202 (1986); *Agristor Leasing v. Farrow*, 826 F.2d 732, 734 (8th Cir.1987). In order for the moving party to prevail, it must demonstrate to the court that "there is no genuine issue as to any

material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986); Fed.R.Civ.P. 56(c). A fact is material only when its resolution affects the outcome of the case. *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510. The non-moving party may not rest upon mere denials or allegations in the pleadings but must set forth specific facts sufficient to raise a genuine issue for trial. *Celotex*, 477 U.S. at 324, 106 S.Ct. at 2553. Moreover, if a plaintiff cannot support each essential element of its claim, summary judgment must be granted because a complete failure of proof regarding an essential element necessarily renders all other facts immaterial. *Id.*, at 322–23, 106 S.Ct. at 2552–53.

## III.

The present dispute over the rights to the property centers around the application of Minn.Stat. § 580.24 which provides in pertinent part:

If no such redemption be made by the mortgagor, ... the senior creditor having a lien, legal or equitable, upon the mortgaged premises, or some part thereof, subsequent to the mortgage, may redeem within five days after the expiration of the redemption period determined under section 580.23 or 582.032, whichever is applicable; and each subsequent creditor having a lien in succession, according to priority of liens, within five days after the time allowed the prior lienholder, respectively, may redeem by paying the amount aforesaid and all liens prior to the lienholder's own held by the person from whom redemption is made;

. . . .

Section 580.24 provides for a continuing process whereby lien holders can redeem the property after a foreclosure sale. The

---

**3.** The United States' notice of intent to redeem was recorded on October 5, 1988 and the Dairy Farm notice was recorded on November 14, 1988.

**4.** Plaintiff tendered the amount on the basis of a letter from counsel for the Equitable which set forth the amount of principal and interest due.

**5.** The United States' subsequent efforts to redeem were attempted after the Scott County attorney's office informed it that such redemption would be allowed.

statute provides for successive five day "windows" in which creditors can exercise their redemption rights in order of seniority. These successive five day intervals begin immediately after the mortgagor's right of redemption ends. Minn.Stat. § 580.24.[6] Any failure to exercise a right to redeem would extinguish the creditor's lien. See Graybow–Daniels Co. v. Pinotti, 255 N.W.2d 405 (Minn.1977).

Plaintiff argues that it is the senior creditor for the purposes of section 580.24 because its mortgage was filed and recorded prior to the new mortgage of Dairy Farm. The undisputed facts show that plaintiff's mortgage was recorded on April 10, 1981 while Dairy Farm's mortgage was not recorded until June 23, 1982.[7]

Dairy Farm argues that it is also a senior creditor under the statute because its new mortgage involved a parcel of land not included in plaintiff's mortgage. Dairy Farm contends that it has a second mortgage on 30 acres of the property behind the Equitable and a third mortgage on the remaining 235 acres of the property behind the Equitable and plaintiff. Dairy Farm maintains that its second mortgage on the 30 acres makes it a senior creditor because no creditor has a superior mortgage on that parcel and, under section 580.24, the senior creditor is entitled to redeem the entire tract of property.[8]

█ Section 580.24 does not provide a mechanism to determine the priority of creditors to foreclosed property. Lowe v. Reierson, 201 Minn. 280, 276 N.W. 224 (1937). It is well settled, however, that priority for redemption purposes is determined by the time of record without regard for the nature of the lien. Id.; see also Betcher v. Ebert, 169 Minn. 337, 211 N.W.

323 (1926); Bartleson v. Munson, 105 Minn. 348, 117 N.W. 512 (1908).[9]

Establishing priority on the basis of record without regard for the nature of the lien promotes the underlying purpose of the statute—to secure the rights of all creditors and obtain the best price for the property. See Pamperin v. Scanlan, 28 Minn. 345, 9 N.W. 868 (1881). Utilizing the date of record for establishing priority prevents disputes like this case from arising and provides for an orderly and swift disposition of the property. Dairy Farm's argument would disrupt the redemption process and interfere with the underlying purpose of the statute.

The statutory requirement that each creditor file a notice of intent to redeem also favors plaintiff's position on establishing priority on the basis of record date. By requiring each creditor to file a notice of intent to redeem, the statutory scheme allows each of the junior creditors to establish "who might be competing to redeem and how much the redemption might cost". Remole v. Jonathan Development Corp., 277 N.W.2d 362, 363 (Minn.1979). Without such an orderly process, junior creditors could not make rational decisions about their redemption actions.

In this case, plaintiff is the senior creditor under section 580.24 because its record date is before the record date of Dairy Farm. Since each creditor is entitled to redeem only in the order and during the period determined by the priority of its lien, Bartleson, 105 Minn. 348, 117 N.W. at 514–15, Dairy Farm's redemption was premature and ineffective. See generally, Lehtinen v. Gerr, 367 N.W.2d 595 (Minn.Ct.App. 1985) (attempted redemption during mortgagor's redemption period extended by bankruptcy filing had no legal force or effect).

6. Since the property at issue in this litigation was in agricultural use, the mortgagor's redemption period was 12 months. The sheriff's sale occurred on November 18, 1987 and the Stichas redemption period expired on November 18, 1988.

7. As noted above, Dairy Farm has a mortgage prior to plaintiff but that mortgage was recorded as satisfied on September 17, 1981.

8. Dairy Farms apparently concedes that it is not a senior lienholder on the remaining 235 acres of the Sticha property because of plaintiff's superior claim on that portion of the property.

9. The older cases construing section 580.24 continue to be good precedent because the statute has remained essentially unchanged since 1878. Graybow–Daniels, 255 N.W.2d at 407.

Dairy Farm relies on several cases which have given legal effect to premature redemptions. In each of those cases the premature redemptions were permitted because there was no lienholder whose rights were prejudiced by the premature action. *See, e.g., Continental Mut. Life Ins. Co. v. King,* 72 Minn. 287, 75 N.W. 376, 378 (1898). Dairy Farm's reliance on this line of cases is misplaced because, in this case, its actions interfered with plaintiff's redemptive rights.

Dairy Farm also argues that plaintiff's redemption was ineffective because plaintiff tendered the wrong amount, thus forfeiting its redemptive rights.[10] Plaintiff contends that the redemption tender was rejected by the sheriff because of Dairy Farm's prior premature redemption rather than any errors in the tender amount.

The sheriff's rejection of plaintiff's tender does not terminate plaintiff's rights under section 580.24. *Schroeder v. Lahman,* 28 Minn. 75, 9 N.W. 173 (1881) (effect of tender and refusal preserves and protects right of the redemptioner to have redemption perfected). By rejecting plaintiff's tender, the sheriff did not forfeit any of plaintiff's rights but merely preserved them pending judicial action.

In this case, it is immaterial why the sheriff rejected plaintiff's attempted redemption because Dairy Farm's redemption was admittedly based on documents which listed an already satisfied mortgage. If Dairy Farm's legal argument were correct, its redemption would also be ineffective and therefore the result would be the same.

In sum, the court finds that plaintiff was the senior creditor entitled to redeem the property in the first five day period following the one-year mortgagor redemption period. Dairy Farm interfered with plaintiff's redemptive rights by filing premature and inaccurate redemption documents. This interference and the sheriff's subsequent refusal to accept plaintiff's tender preserved plaintiff's rights under section 580.24. Summary judgment should be entered in favor of plaintiff.

### ORDER

Accordingly, based upon the above, and all the files, records, and proceedings, IT IS HEREBY ORDERED that:

1. The motion of plaintiff for summary judgment in its favor is granted. The certificate of redemption and title issued to Dairy Farm Leasing Company and the limited warranty deed issued to 25 Groveland Partnership should be cancelled by Scott County. The plaintiff should have five days from the date of the cancellation to redeem the property by tendering the appropriate documents and payments to the Scott County sheriff's office. Defendant Dairy Farm Leasing Company should then have an opportunity to redeem the property from the plaintiff in the subsequent five day period;

2. The motion of defendant Dairy Farm Leasing Company is denied;

3. The motion of defendants and third-party plaintiffs William J. Nevin and Richard Welch is dismissed as moot and the third-party complaint is dismissed without prejudice.

LET JUDGMENT BE ENTERED ACCORDINGLY.

---

10. Plaintiff tendered the purchase price plus interest at 6%. This amount was determined on the basis of a letter from the Equitable's counsel. Section 580.23 provides that the proper amount should be the purchase price plus interest at the rate in the mortgage or if none is specified, at 6%. Minn.Stat. § 580.23. According to Dairy Farm, Equitable's mortgage on the property called for interest at a rate of 9%, and therefore plaintiff tendered an insufficient amount.